**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leslie Allen ACHTER, Defendant–**
**Appellant.**

**No. 94–3177.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 16, 1995.

Decided April 13, 1995.

Jeffrey J. Rosanswank, Cape Girardeau, MO, for appellant.

Larry H. Ferrell, Asst. U.S. Atty., for appellee.

Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Leslie Achter appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (1988 & Supp. V 1993). Achter argues that the district court[1] erred in granting the Government's motion to exclude evidence of the defenses of public authority and entrapment by estoppel. We affirm.

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

2. "A defendant intending to claim a defense of actual or believed exercise of public authority on behalf of a law enforcement or Federal intelligence agency" shall serve a written notice upon the attorney for the government. Fed.R.Crim.P. 12.3.

## I. BACKGROUND

When deputies from the Mississippi County Sheriff's Department attempted to arrest Achter on a warrant for forgery charges, he brandished a loaded pistol. The deputies apprehended Achter after he eventually dropped the weapon. Achter was later taken into federal custody and charged with being a convicted felon in possession of a firearm.

Achter filed a notice of defense, claiming that he was exercising public authority on behalf of the Mississippi County Sheriff's Department.[2] In response, the Government filed a motion in limine to prohibit Achter from introducing the defenses of public authority and entrapment by estoppel. The Government argued that these were not valid defenses in this case because the prerequisite authority must have been derived from the government under whose law the charge is brought. In other words, Achter was claiming that state, rather than federal, officials authorized him to violate a federal law.

The district court concluded that the evidence was insufficient to raise the defenses of public authority and entrapment by estoppel. The court noted that there was a serious question as to whether there was sufficient evidence on the issue of general entrapment but, in an abundance of caution, allowed Achter to present this theory to the jury.

Although Achter makes a series of bizarre claims involving his relationship with the Mississippi County Sheriff and his deputies, we need only recount Achter's allegations surrounding the evening of his arrest. At trial, Achter testified that the deputies attempted to give him a gun and recruit him to help them arrest his former brother-in-law. Achter testified that he reminded the deputies that he was a convicted felon and that he was not allowed to have a gun. One of the deputies then placed the gun on the hood of Achter's vehicle, and Achter briefly picked it up and examined it. Achter claimed that the

deputies became angry when he refused to assist them, and they assaulted and arrested him. After a four-day trial, the jury found Achter guilty as charged.

## II. DISCUSSION

■ "Public authority" has been described as an affirmative defense where the defendant seeks exoneration based on the fact that he reasonably relied on the authority of a government official to engage him in covert activity. *See United States v. Baptista–Rodriguez,* 17 F.3d 1354, 1368 n. 18 (11th Cir. 1994). The Ninth and Eleventh Circuits have held that the validity of this defense depends upon whether the government agent in fact had the authority to empower the defendant to perform the acts in question. *Id.; United States v. Rosenthal,* 793 F.2d 1214, 1236 (11th Cir.) (Because C.I.A. officials have no real authority to authorize conduct that would violate the Constitution or statutes of the United States, the defendants' theory that they were acting on the apparent authority of a C.I.A. agent is not a viable defense.), *modified on other grounds,* 801 F.2d 378 (11th Cir.1986), *cert. denied,* 480 U.S. 919, 107 S.Ct. 1377, 94 L.Ed.2d 692 (1987).

■ On the other hand, "[e]ntrapment by estoppel has been held to apply when an official assures a defendant that certain conduct is legal, and the defendant reasonably relies on that advice and continues or initiates the conduct." *United States v. Smith,* 940 F.2d 710, 714 (1st Cir.1991) (footnote omitted); *United States v. Austin,* 915 F.2d 363, 367 (8th Cir.1990), *cert. denied,* 499 U.S. 977, 111 S.Ct. 1626, 113 L.Ed.2d 722 (1991). In short, the defense of entrapment by estoppel involves the "concept of unintentional entrapment by an official who mistakenly misleads a person into a violation of the law." *United States v. Brebner,* 951 F.2d 1017, 1025 (9th Cir.1991) (quotation omitted).

■ Relying on *Austin,* Achter argues that this Court implied that a state official can authorize the violation of federal fire-arms statutes. 915 F.2d at 367 (discussing and distinguishing *United States v. Tallmadge,* 829 F.2d 767, 769–70 (9th Cir.1987), where the defendant had been told that he could not carry a "concealable" gun by a federally licensed firearms dealer as well as a state judge, the prosecuting attorney, and his own attorney). Achter's reliance on *Austin* is misplaced. In *Brebner,* the Ninth Circuit specifically rejected the defendant's contention that he was entitled to rely on representations made by state or local officials because these officials lacked the authority to bind the federal government to an erroneous interpretation of federal law. 951 F.2d at 1026–27 (explaining that in *Tallmadge,* the misrepresentations were made by a federally licensed firearms dealer).

■ Even assuming for the sake of argument that the Mississippi County deputies have the authority to sanction a violation of federal law (which they do not), we agree with the district court that the evidence was insufficient to support either defense. Both public authority and entrapment by estoppel require a defendant to establish that he reasonably relied on the representations of a government official. First, Achter did not testify that the deputies advised him that his possession of a firearm would be legal. Second, Achter's claim of reasonable reliance is belied by his testimony that he knew he could not lawfully possess a firearm and that he relayed this information to the deputies. We conclude that the district court did not err in granting the Government's motion to exclude the defenses of public authority and entrapment by estoppel.[3]

## III. CONCLUSION

Accordingly, we affirm Achter's conviction.

---

**3.** We construe Achter's pro se brief to essentially raise a claim for ineffective assistance of counsel. "We will not consider an ineffective assistance claim not first presented to the district court and on which a proper record has not been made." *United States v. Duke,* 940 F.2d 1113, 1120 (8th Cir.1991).