64 F.3d 660
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward H. LIGHT, Defendant-Appellant.
 No. 94-5954.
 United States Court of Appeals, Fourth Circuit.
 Argued July 11, 1995.
Decided Aug. 28, 1995.
 
 ARGUED: James Anthony McKowen, HUNT, LEES, FARRELL & KESSLER, Charleston, WV, for Appellant. Paul Thomas Camilletti, Assistant United States Attorney, Wheeling, WV, for Appellee. ON BRIEF: William D. Wilmoth, United States Attorney, Wheeling, WV, for Appellee.
 Before WILKINSON and WILLIAMS, Circuit Judges, and SHEDD, United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 On January 12, 1994, law enforcement officials executed a search warrant at Ed Light's Store in Martinsburg, West Virginia, and seized a large quantity of assorted drug paraphernalia. Thereafter, Edward Light was indicted for selling drug paraphernalia in violation of 21 U.S.C. Sec. 863(a)(1). Following the district court's consideration of various matters at a pretrial conference, Light entered a conditional guilty plea to one count of selling drug paraphernalia, see Fed.R.Crim.P. 11(a)(2); and the district court subsequently sentenced him inter alia to one year of probation (including six months of home detention) and fined him $2,000. On appeal, Light argues that in making its pretrial rulings, the district court erroneously prohibited him from (1) asserting at trial the defenses of entrapment by estoppel and public authority, and (2) introducing evidence at trial of his cooperation with law enforcement officials regarding the sale of drug paraphernalia.[1] For the reasons set forth below, we affirm.
 
 
 2
 * We first address Light's argument with respect to the entrapment by estoppel defense, which "is available when a government official tells the defendant that certain activity is legal, the defendant commits the activity in reasonable reliance on that advice, and prosecution for the conduct would be unfair." United States v. Clark, 986 F.2d 65, 69 (4th Cir.1993). In this circuit, "statements made by a person who is not a federal government official cannot establish the defense of entrapment by estoppel." Id.; see also United States v. Etheridge, 932 F.2d 318, 320-21 (4th Cir.), cert. denied, 502 U.S. 917 (1991).
 
 
 3
 At the pretrial conference, Light sought dismissal of the indictment against him based on this defense, arguing that for many years law enforcement officials had been in his store and had observed him selling drug paraphernalia, and that on occasion he had provided information to them concerning individuals using drugs. J.A. at 36. The district court denied the motion to dismiss. Id. at 45. As the pretrial conference continued and the district court turned its focus to various motions in limine, Light requested a clarification of the district court's ruling on his motion to dismiss, inquiring whether the district court had ruled the defense out of the case as a matter of law. Id. at 46-47. The district court informed Light that to the extent that he would seek to introduce evidence at trial concerning local and state law enforcement officials to establish this defense, it would not permit him to do so. Id. at 47. However, the district court specifically indicated that it was not ruling the defense out of the case as a matter of law at that time with respect to any evidence which Light may have had concerning federal law enforcement officials. Id. at 47-48. The district court reiterated this point at other times during the hearing, see id. at 63, 66; and even invited Light to make a proffer of evidence concerning the federal law enforcement officials prior to jury selection. Id. at 99-100. Light responded to the district court's invitation by indicating that he would proffer the evidence. Id. at 100-01. However, instead of making such a proffer, Light opted to enter the conditional plea.
 
 
 4
 In light of Clark and Etheridge, we conclude that the district court was correct in ruling that Light could not assert this defense based on representations allegedly made to him by state or local law enforcement officials. Light's argument to the contrary is patently without merit.
 
 
 5
 We also conclude that the district court's pretrial consideration of this defense as it relates to federal law enforcement personnel is proper based on the record which Light presented. As we have noted, the district court suggested to Light at the pretrial conference that he proffer evidence prior to trial concerning his cooperation with federal law enforcement officials so that it could further consider the issue.
 
 
 6
 By choosing not to make the proffer, Light effectively waived his opportunity to present this evidence, thereby leaving the district court with no basis on which to allow him to assert the defense at trial. We find the district court's action in this regard to be entirely appropriate.[2]
 
 II
 
 7
 We next address Light's argument concerning the "public authority" defense, which is "an affirmative defense where the defendant seeks exoneration based on the fact that he reasonably relied on the authority of a government official to engage him in covert activity." United States v. Achter, 52 F.3d 753, 755 (8th Cir.1995). This defense is based on the premise that "[a]ctions properly sanctioned by the government are not illegal," and, therefore, "[a] defendant legitimately may rely ... on a government official's real authority to authorize the defendant's conduct." United States v. Baptista-Rodriguez, 17 F.3d 1354, 1368 n. 18 (11th Cir.1994).
 
 
 8
 Although Light did generally discuss this defense with the district court at the pretrial conference, he did not proffer any evidence tending to establish that he operated his drug paraphernalia business in reliance on any government official's authorization. Instead, Light acknowledged that he operated his drug paraphernalia business for his own benefit and not for the benefit of law enforcement personnel or agencies. See J.A. at 38. Based on this state of the evidence, we find that the district court did not err by not allowing Light to assert a public authority defense.[3]
 
 III
 
 9
 We finally address Light's contention that the district court erred by ruling that he could not present at trial evidence of his cooperation with law enforcement officials regarding the sale of drug paraphernalia. In Posters 'N' Things, Ltd. v. United States, 114 S.Ct. 1747, reh'g denied, 114 S.Ct. 2271 (1994), the Supreme Court held that an objective standard is to be applied in determining what constitutes drug paraphernalia for purposes of 21 U.S.C. Sec. 863(a).[4] Because the district court properly determined that Light could not present the entrapment by estoppel and public authority defenses at trial based on the evidence proffered at the pretrial conference, and in light of Light's failure to make a proffer as suggested by the district court, any evidence as to what Light subjectively thought about the legality of his conduct--including any alleged cooperation he had with law enforcement--was irrelevant. Therefore, the district court correctly ruled that this evidence was inadmissible.
 
 IV
 
 10
 For the foregoing reasons, we affirm the rulings and the judgment of the district court.
 
 AFFIRMED
 
 
 [1]
 As part of the plea agreement, the parties stipulated that the district court ruled that these defenses are "not available" to Light in this matter and that consistent with that ruling, the district court further ruled that "Light would not be permitted to testify regarding his cooperation with local, state and federal law enforcement officials regarding the sale of drug paraphernalia as proffered to the Court...." J.A. at 106-08
 
 
 [2]
 We question whether Light could have reasonably relied on any alleged representations made by any government official concerning the legality of his conduct, since he was selling items which, for the most part, had a singular purpose--i.e., to facilitate the use of illegal drugs
 
 
 [3]
 Light's assertion that he was paid on at least one occasion for assisting law enforcement officials is clearly insufficient to establish the public authority defense in this case
 
 
 [4]
 Although the Court in Posters 'N' Things dealt with the predecessor statute to Sec. 863(a), the analysis applies equally to Sec. 863(a)