# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2719

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Wes Davenport, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 9, 2001

Filed: January 19, 2001

_____

Before RICHARD S. ARNOLD, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Wes Davenport was a confidential informant who occasionally purchased illegal drugs from dealers for the North Little Rock police. On October 31, 1998, he was stopped for speeding and, during a pat-down search, officers found a handgun and crack cocaine. Davenport was arrested and charged with drug and weapons offenses. Davenport was convicted on both counts and sentenced to 180 months' imprisonment. On appeal, Davenport asserts the district court committed error in refusing to give a jury instruction on his public authority defense. We disagree. The evidence showed Davenport was acting on his own when he sold crack cocaine to an informant and

undercover officer on October 27, 1998, and Davenport was not under the supervision or control of the investigators when he was found in possession of crack cocaine and a firearm on October 31, 1998. Because Davenport failed to prove he reasonably relied on the representation of a government official in possessing the gun and drugs, the district court properly refused to give the instruction. See United States v. Achter, 52 F.3d 753, 755 (8th Cir. 1995). Davenport also contends the district court committed error in refusing to allow him to ask a police witness a hypothetical question about whether it would be reasonable for a confidential informant to disarm someone during a drug deal. Because Davenport was not acting in a controlled buy situation during the events alleged in the indictment, the hypothetical question assumed facts different from those presented and would have confused and misled the jury. See Iconco v. Jensen Construction Co., 622 F.2d 1291, 1301 (8th Cir. 1980). The district court thus properly refused the proposed hypothetical. Accordingly, we affirm Davenport's conviction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-