IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-10177
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN L. MAYFIELD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-72-ALL-R
_____

December 28, 2001

Before POLITZ, STEWART, DENNIS, Circuit Judges.

PER CURIAM:[*]

Steven L Mayfield appeals his jury conviction and sentence for two counts of

being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and for

making a false statement on a Bureau of Alcohol, Tobacco, and Firearms form in

violation of 18 U.S.C. § 922(a)(6). He maintains that the district court abused its

discretion in refusing to give a jury instruction on the "public authority" defense.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

He presented no evidence that Agent Michael Duncan had the authority to empower him to possess firearms, or that Agent Duncan advised him that his possession would be lawful. Further, Mayfield candidly testified that as a convicted felon he knew that he could not lawfully possess a firearm. Therefore, Mayfield was not entitled to the requested instruction.[1]

For the first time on appeal, Mayfield contends that he was entitled to a jury instruction on entrapment by estoppel because Agent Duncan affirmatively misled him into violating the law. This issue was not raised in the district court and, accordingly, our review is limited to plain error.[2] As noted above, Mayfield knew that he could not lawfully possess a firearm. He did not testify that Agent Duncan advised him that he lawfully could possess a firearm. Because he has not shown that he reasonably relied on the alleged representation by Agent Duncan that he could lawfully possess a firearm, the district court's failure to give an instruction on entrapment by estoppel was not plain error.[3]

Mayfield next maintains that the district court abused its discretion in admitting into evidence a pawn ticket and certified copies of "pen packets" establishing his prior convictions. Gregory Scott Harris, a pawn-shop employee, testified that he recognized the ticket as one issued by his pawn shop and that the ticket bore his employee number, reflecting that he had entered much of the information on the document. This testimony was sufficient to authenticate the

---

[1] United States v. Spires, 79 F.3d 464, 466 n.2 (5th Cir. 1996); United States v. Achter, 52 F.3d 753, 754 (8th Cir. 1995).

[2] United States v. Clayton, 172 F.3d 347, 351 (5th Cir. 1999).

[3] Spires, 79 F.3d at 466 n.2; Achter, 52 F.3d at 755.

document as a record of the pawn shop.[4]  The certified court records are public records which fall within the public-records exception to the hearsay rule.  See United States v. Cantu, 167 F.3d 198, 204 (5th Cir.), cert. denied, 528 U.S. 818 (1999).  Accordingly, the district court did not abuse its discretion in admitting the pawn ticket or the "pen packets" into evidence.

Mayfield finally contends that the district court erred in enhancing his sentence based on his prior convictions under the Armed Career Criminal Act, 18 U.S.C. § 924(e), in view of Apprendi v. New Jersey.[5]  In Apprendi, the Supreme Court specifically established an exception for sentencing enhancements based on prior convictions, and inasmuch as the sentencing enhancement under § 924(e) is based on prior convictions, that enhancement did not violate the teachings of Apprendi.[6]

The conviction and sentence are AFFIRMED.

---

[4]  Fed. R. Evid. 901(a); United States v. Johnston, 127 F.3d 380, 389 (5th Cir. 1997); United States v. Scurlock, 52 F.3d 531, 538 (5th Cir. 1995).

[5]  530 U.S. 466, 490 (2000).

[6]  Apprendi, 530 U.S. 490; see also United States v. Summers, 268 F.3d 683, 688-89 (9th Cir. 2001); United States v. Skidmore, 254 F.3d 635, 640-42 (7th Cir. 2001); United States v. Thomas, 242 F.3d 1028, 1034-35 (11th Cir. 2001), cert. denied. 121 S. Ct. 2616 (2001); United States v. Dorris, 236 F.3d 582, 586-88 (10th Cir. 2000); United States v. Mack, 229 F.3d 226, 235 n.12 (3rd Cir. 2000), cert. denied, 121 S. Ct. 2015 (2001).