**UNITED STATES of America**

v.

**KUAI LI**

No. 1:06CR520.

United States District Court, E.D. Virginia, Alexandria Division.

Feb. 20, 2007.

Ronald L. Walutes, Jr., United States Attorney's Office, Alexandria, VA, for United States of America.

Dale Warren Dover, Alexandria, VA, for Kuai Li.

## ORDER

ELLIS, District Judge.

In this immigration fraud case, the government has alleged (i) that defendant conspired with a corrupt government official, Robert Schofield, to obtain a United States passport, in violation of 18 U.S.C. § 371, and (ii) that defendant unlawfully and knowingly procured naturalization, to which he was not entitled, in violation of 18 U.S.C. § 1452(b) and (2). On January 10, 2007, defendant filed a notice of intent to assert a "public authority defense," pursuant to Rule 12.3, Fed.R.Crim.P. In response, the government moves to preclude defendant's use of the public authority defense, arguing that the defense is inapplicable here because (i) Schofield was neither a law enforcement or intelligence official and (ii) Schofield lacked actual authority to legitimize defendant's conduct. As this matter has been fully briefed and argued, it is now ready for disposition. For the reasons that follow, the government's motion must be granted on the ground that Schofield had no actual authority to legitimize defendant's conduct.

### I.

A brief review of the facts alleged in the Indictment provides context for resolution of the government's motion. The government alleges that on March 29, 2005, Schofield, a Supervisory District Adjudications Officer with the Citizenship and Immigration Services ("CIS") arm of the Department of Homeland Security ("DHS"),[1] issued defendant a Unites States Certificate of Naturalization with an alien registration number that had been assigned previously to a 7 year old child. Then, on April 4, 2005, defendant appeared at a United States Post Office in the District of Columbia and produced his falsely issued Naturalization Certificate as proof of citizenship to obtain a United States passport. Based on these alleged facts, on December 14, 2006, defendant was indicted on two counts: (i) conspiracy to commit passport fraud, in violation of 18 U.S.C. § 371, and (ii) procurement of citizenship or naturalization unlawfully, in violation of 18 U.S.C. § 1425(b) and (2).

Also relevant is that Schofield pled guilty on November 30, 2006, to bribery of a public official and unlawful procurement of citizenship or naturalization. Specifically, Schofield admitted that he utilized brokers to put him in contact with aliens willing to pay at least $30,000 for falsified immigration documents. In the Statement of Facts accompanying his plea agreement, Schofield specifically referred to his transaction with defendant, as follows:

> An example of a Naturalization Certificate issued by [Schofield] to an imposter can be found in Number 122 from the Indictment. On March 29, 2005, [Schofield] issued [defendant] Kuai Li a United States Certificate of Naturalization number 28614972 affixed with alien registration number 73 572 644. This alien registration number, 73 572 644, was in fact previously assigned by the United States Citizenship and Immigration Services to a 7 year old child in 1995.

Thereafter, on January 27, 2007, defendant filed a Rule 12.3 Fed.R.Crim.P., notice of intent "to assert the defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense," citing Schofield's employment with CIS. The government seeks here to preclude defendant's use of the public authority defense.

---

1. In particular, Schofield was responsible for supervising the processing of applications submitted by immigrants seeking adjustment to their immigration status.

## II.

■ Analysis properly begins with Rule 12.3's terms, which provide that "[i]f a defendant intends to assert a defense of actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the alleged offense, the defendant must so notify an attorney for the government...." [2] Notably, the Rule neither defines the public authority defense, nor describes its substantive content; it is, instead, "merely a notice provision [that] does not in any way alter the substantive legal standards with regard to the public authority defense ...." *United States v. Fulcher*, 250 F.3d 244, 254 (4th Cir.2001). Accordingly, federal common law, not Rule 12.3, is the source of the scope and substantive content of the public authority defense.[3] In this regard, the Fourth Circuit has explained that the "public authority defense allows the defendant to seek exoneration based on the fact that he reasonably relied on the authority of a government official to engage him in a covert activity." *Id.* at 253.[4] In essence, the defense recognizes "that actions properly sanctioned by the government are not illegal, and therefore, a defendant legitimately may rely on a government official's real authority to authorize the defendant's conduct." *United States v. Light*, 64 F.3d 660, 1995 WL 507241 at *2 (4th Cir.1995) (citations omitted). Yet, the defense is narrow and applies only where defendant establishes (i) an "objectively reasonable reliance" upon (ii) the "actual authority of a government official to engage him in a covert activity." *Fulcher*, 250 F.3d at 253–54.[5]

■ In this case,[6] the latter require-

**2.** This notice requirement reflects that "[t]he public-authority defense is an unusual one, which the government rarely has reason to anticipate." 1 Moore's Federal Practice § 612.3.02 (3d ed.1997).

**3.** *See United States v. Pitt*, 193 F.3d 751, 757 (3d Cir.1999) (noting that the public authority defense has two requirements: "1) a procedural component, namely, compliance with the Rule [12.3]; and 2) a substantive common law component").

**4.** It is worth noting that the public authority defense is closely related to two other defenses: (i) the innocent intent defense and (ii) the entrapment by estoppel defense. The innocent intent defense serves to negate a defendant's *mens rea* for a crime by establishing that the defendant "honestly believed that he was performing the otherwise-criminal acts in cooperation with the government." *Fulcher*, 250 F.3d at 252. This defense is like the public authority defense in that it requires that the government official have actual authority to authorize defendant's otherwise-criminal acts, but it is unlike the public authority defense in that defendant need only show that he "honestly believed" that he was acting lawfully.

The entrapment by estoppel defense requires a defendant to establish that "the government affirmatively assure[d][him] that certain conduct is lawful, [and he] thereafter engage[d] in the conduct in reasonable reliance on those assurances." *United States v. Aquino–Chacon*, 109 F.3d 936, 938–39 (4th Cir.1997). This defense is similar to the public authority defense in that both require "reasonable reliance," but is unlike the public authority defense and the innocent intent defense in that it can be based on either actual or apparent authority. *See United States v. Austin*, 915 F.2d 363, 366 (8th Cir.1990). These two defenses—the innocent intent defense and the entrapment by estoppel defense—are not at issue here, as the government has clearly stated that "today it only seeks to preclude the defendant from making any defense of public authority."

**5.** Notably, as with most affirmative defenses, to avail himself of this defense defendant must adduce some evidence sufficient to warrant an instruction to the jury, although the ultimate burden of proof remains with the government to prove intent beyond a reasonable doubt.

**6.** Interestingly, a thorough review of the case law has not uncovered any case in which the public authority defense was employed in the context of immigration fraud. This may be,

ment precludes defendant's assertion of the public authority defense, as Schofield lacked the actual authority to dispense fraudulent immigration benefits.[7] This conclusion is compelled by the fact that Schofield pled guilty to charges of bribery of a public official and unlawful procurement of citizenship or naturalization, admitting that he personally received over $600,000 in bribes in exchange for supplying falsified immigration documents. As Schofield's plea agreement makes pellucidly clear, Schofield had no authority to distribute false immigration documents. Thus, in sharp contrast to cases where a Drug Enforcement Administration agent authorizes a defendant to engage in a controlled drug purchase, which may warrant invocation of the public authority defense, here the contrary conclusion is required, that is, the public authority defense may not be invoked because Schofield lacked the actual authority to provide defendant with fraudulent immigration benefits. As such, the public authority defense is patently inapplicable.

Defendant seeks to avoid this result by arguing that, while Schofield may not have had actual authority to dispense fraudulent immigration benefits, defendant relied on Schofield's apparent authority to do so. This argument is unavailing because the public authority defense applies only where defendant relies on the "*actual* authority of a government official to engage him in a covert activity." *Fulcher*, 250 F.3d at 253. Thus, "reliance on the *apparent* authority of a government official is not a defense...." *United States v. Baptista–Rodriguez*, 17 F.3d 1354, n. 18 (11th Cir.1994) ("The validity of this defense depends upon whether the government agent

*in fact* had the authority to empower the defendant to perform the acts in question.") (emphasis added); *Pitt,* 193 F.3d at 757 (3d Cir.1999) (finding no error in refusal to instruct on public authority defense where defendant did not offer evidence that the government agent "*in fact* had the authority to empower the defendant to perform the acts in question") (emphasis added). Accordingly, the public authority defense does not apply where, as here, defendant claims he believed, based on the government official's position, that he was authorized to engage in the otherwise-criminal act. *Baptista–Rodriguez,* 17 F.3d at 1368 n. 18; *see Fulcher,* 250 F.3d at 253 (explaining that "reliance on the apparent authority of a government official is nothing more than a mistake about 'the legal prerogatives attached to such status and thus constitutes a mistake of law,'" which is not a defense to a criminal act).

In conclusion then, defendant may not assert a public authority defense because he did not rely on the actual authority of a government official to engage in the illegal activity alleged in the Indictment.

Accordingly, for these reasons, and for good cause,

It is hereby **ORDERED** that the government's motion to preclude defendant's use of the public authority defense is **GRANTED**.

The Clerk is directed to send a copy of this Order to all counsel of record.

---

as the Advisory Committee Note to Rule 12.3 points out, because this defense "remains an unusual defense." It is asserted most often in narcotics cases, weapons-supply cases, and espionage cases. 1 Moore's Federal Practice § 612.3.02 (3d ed.1997).

**7.** Neither reached, nor decided, here is the government's contention that defendant should be precluded from asserting the public authority defense because Schofield was neither a law enforcement or intelligence official at the time of the allegedly illegal conduct.