# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-4022

_____

United States of America,

*Plaintiff - Appellee,*

v.

Lashaun Maurice Perry, also known as Bishop,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: June 13, 2013
Filed: August 8, 2013 (Corrected September 6, 2013)
[Unpublished]

_____

Before COLLOTON, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

A grand jury charged Lashaun Perry with unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g). Perry filed a pretrial motion requesting a jury instruction on a defense of entrapment by estoppel. The

district court[1] denied Perry's motion, and Perry entered a conditional plea of guilty, reserving the right to appeal the ruling on his motion. At sentencing, the district court concluded that Perry had sustained two prior felony convictions for a crime of violence, *see* USSG § 2K2.1(a)(2), because a prior aggravated misdemeanor conviction in Iowa was a "crime of violence" under the federal sentencing guidelines. The court sentenced Perry to 78 months' imprisonment, followed by three years of supervised release. Perry appeals the denial of his pretrial motion and his sentence, and we affirm.

I.

The relevant facts begin with an incident that occurred a year before the instant offense. On September 14, 2010, officers from the Cedar Rapids Police Department arrested Perry at his home. While struggling to handcuff Perry, an officer suffered an injury to his left arm. The State of Iowa charged Perry with the aggravated misdemeanor offense of interference with official acts causing injury, in violation of Iowa Code § 719.1(1). In January 2011, Perry pleaded guilty to the charge.

On August 2, 2011, Perry applied to the State of Iowa for a permit to acquire pistols or revolvers, because he hoped "to get into bounty hunting" or to become an armed security guard. Applicants for such a permit must complete a questionnaire. The second question on the form asks whether the applicant has "ever been convicted in any court of a felony, or any other crime involving a firearm or explosives for which the court could have sentenced you to imprisonment for more than one year, even if you received a shorter sentence including probation." Perry had sustained four convictions in Cook County, Illinois—one for possession of a controlled substance,

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

one for manufacturing or delivering between 15 and 100 grams of cocaine or an analogue to cocaine, and two for burglaries involving vehicles.

Perry states that when he filled out the permit application in Iowa, he told an unidentified employee of the Linn County Sheriff's Office that he was unsure whether his prior felony convictions had been expunged by an Illinois state court. Perry asserts that the sheriff's employee informed him that he "should still fill out the application because an investigation would be completed by the Linn County Sheriff's Department," and that Perry "would not receive a permit if he was not entitled to one." Perry completed the application and checked a box marked "No" next to the second question, indicating that he had never been convicted of a felony. The Linn County Sheriff's Office subsequently issued Perry a permit to acquire pistols or revolvers.

On September 9, 2011, a police officer observed Perry at a gun show in Cedar Rapids carrying what appeared to be a gun box. Several days later, law enforcement officers determined that Perry had purchased ammunition from a local retail supplier. On June 8, 2012, officers went to Perry's home. Perry told the officers that he had purchased a .40 caliber Smith & Wesson handgun at the Cedar Rapids gun show, showed them the gun, supplied the serial number, and permitted the officers to photograph the serial number. On June 12, officers executed a search warrant at Perry's home, detained Perry, and seized the gun.

A grand jury charged Perry with unlawfully possessing a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g). Before trial, Perry sought a ruling that he was entitled to a jury instruction on a defense of entrapment by estoppel. But for the county employee's statements, Perry asserted, he would not have applied for a permit. And but for the permit, Perry claimed, he would not have purchased a gun.

The district court ruled that a defense of entrapment by estoppel was unavailable to Perry, because Perry asserted that he had relied on the statement of a local official, rather than a federal official. In the alternative, the court concluded that Perry's reliance on the county representative's statement had been unreasonable. The district court observed that Perry had not argued that the county representative instructed him to check "no" on the questionnaire, and held that Perry had acted unreasonably by checking "no" despite his uncertainty about the status of his four prior felony convictions.

Perry then entered a conditional plea of guilty. At sentencing, the parties disputed whether Perry's prior conviction for interference with official acts causing bodily injury was a "crime of violence" within the meaning of § 4B1.2(a). The court concluded that the conviction counted, citing *United States v. Malloy*, 614 F.3d 852 (8th Cir. 2010), and that Perry's base offense level under the advisory guidelines was 24. *See* USSG § 2K2.1(a)(2). The court then sentenced Perry within the advisory guideline range to a term of 78 months' imprisonment, followed by three years of supervised release.

II.

Perry appeals the district court's ruling on his defense of entrapment by estoppel. This defense applies "when an official assures a defendant that certain conduct is legal, and the defendant reasonably relies on that advice and continues or initiates the conduct." *United States v. Achter*, 52 F.3d 753, 755 (8th Cir. 1995) (internal quotation omitted). The district court, however, correctly ruled that state and local officials do not have authority to sanction a violation of federal law, *id.*, so Perry's reliance on alleged advice of a county representative is unavailing. Even as to the local official, moreover, Perry never argued in the district court that the official instructed him to check "no" on the question about whether he had been convicted of a felony, so any reliance was unreasonable. *See United States v. Alcorn*, 638 F.3d

819, 823 (8th Cir. 2011). The district court thus correctly denied Perry's motion to instruct the jury on the defense.

On the sentencing issue, Perry renews his argument that the prior conviction in Iowa for interference with official acts causing bodily injury was not a crime of violence. A crime of violence under the guidelines includes any offense punishable by a term of imprisonment exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1).

The district court correctly concluded that Perry's prior conviction qualifies. The maximum penalty for this offense is two years' imprisonment. Iowa Code § 903.1(2). Conviction requires proof that a defendant knowingly resisted or obstructed a person that the defendant knew to be a peace officer in the performance of an act within the scope of that officer's lawful authority and, in doing so, inflicted bodily injury other than serious injury. *Id.* § 719.1(1). In *Malloy*, we held that because a defendant must have "inflicted bodily injury" to be convicted, the offense of interference with official acts "has as an element the use, attempted use, or threatened use of physical force against another person." *See Malloy*, 614 F.3d at 860; USSG § 4B1.2(a)(1). *Malloy* forecloses Perry's contention. Perry urges us to consider whether the facts of his offense involved violence, but a court determining whether a previous conviction qualifies as a crime of violence under § 4B1.2(a)(1) must consider only the statutory elements. *United States v. Wright*, 957 F.2d 520, 522 (8th Cir. 1992).

Perry relies on *United States v. Ossana*, 638 F.3d 895 (8th Cir. 2011), and suggests that it limits the scope of *Malloy*. *Ossana*, however, involved an Arizona assault statute that could be violated "with any degree of contact," even contact that did not amount to "violent force," and thus "would not qualify as a crime of violence pursuant to section 4B1.2(a)(1)." *Id.* at 900. By contrast, the injury requirement in

the Iowa statute under which Perry was convicted implies the use of "*violent force*—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010); *see Malloy*, 614 F.3d at 860. *Malloy* directly addressed whether a violation of Iowa Code § 719.1(1) is a crime of violence under § 4B1.2(a)(1), and nothing about *Ossana*'s conclusion concerning a much different Arizona statute narrows the earlier precedent.

\*      \*      \*

The judgment of the district court is affirmed.

_____