**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No.  95-40176

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

LEROY SPIRES, III,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas
March 21, 1996

Before HIGGINBOTHAM and DUHÉ, Circuit Judges, and SCHWARZER,[1] District Judge.

DUHÉ, Circuit Judge:

Defendant appeals his conviction and sentence contending that the law he broke, 18 U.S.C. § 922(g), is unconstitutional, the judge improperly instructed the jury and his sentence is too harsh. None of his contentions merit reversal.

Leroy Spires is a convicted felon who, while on state probation, was charged with a drug violation by Texas authorities. In return for leniency, Spires and his wife agreed to cooperate

---

[1]District Judge of the Northern District of California, sitting by designation.

with the West Central Texas Interlocal Crime Task Force. During their service to the task force, Spires and his wife showed a task force agent a gun in their truck that was owned by Mrs. Spires. The task force agent told the couple that they could not carry a gun and that they should leave the gun in the truck and put it away at home.

Over a year later, Spires met with his state probation officer, Janice Hale. Spires told Hale that he had a gun in his truck and intended to pawn it. Hale reminded Spires that one condition of his probation was that he not possess a firearm. After Spires left the meeting, Hale followed Spires to the pawn shop and reported him to the police. The police arrested Spires several hours later. After receiving his <u>Miranda</u> warnings, Spires admitted that he had pawned the gun.

Spires pleaded not guilty to possession by a felon of a firearm which had been previously shipped in interstate commerce in violation of 18 U.S.C. § 922(g). Spires was convicted and sentenced. On appeal, Spires argues that § 922(g) is unconstitutional under the reasoning of <u>United States v. Lopez</u>, 115 S.Ct. 1624 (1995), that he was entitled to a jury instruction on the defense of entrapment by estoppel and that the district court abused its discretion when it denied Spires a two-level sentence reduction for acceptance of responsibility.

Spires argues that the reasoning of <u>Lopez</u>, which held 18 U.S.C. § 922(q) unconstitutional, renders § 922(g) unconstitutional as well. Because Spires did not challenge the constitutionality of

2

§ 922(g) at trial, we review only for plain error.  United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770 (1993); United States v. Calverley, 37 F.3d 160 (5th Cir. 1994)(en banc).  To be plain, the error must be clear under law current at the time of trial.  Olano, 113 S.Ct. at 1777; Calverley, 37 F.3d at 162-63.  "[T]hey are errors which are so conspicuous that 'the trial judge and prosecutor were derelict in countenancing [them], even absent the defendant's timely assistance in detecting [them].'" Calverley, 37 F.3d at 163 (citing United States v. Frady, 456 U.S. 152 (1982)).

Spires argues that we must consider Lopez even though rendered after his trial because Lopez establishes a new rule of conduct for criminal prosecutions and must be applied retroactively.  Griffith v. Kentucky, 479 U.S. 314 (1987);  United States v. Knowles, 29 F.3d 947 (5th Cir. 1994).  We do not decide whether  this case falls within the parameters of Griffith or Knowles because, even after Lopez, the failure to address the constitutionality of § 922(g) when not raised by defendant is not plain error.

In Lopez, the Supreme Court held that in enacting 18 U.S.C. § 922(q), which criminalizes possession of a firearm in a school zone,  Congress exceeded its power under the Commerce Clause.  The court held that the possession of firearms on school grounds did not substantially affect commerce because § 922(q) was not an essential part of a larger regulation of economic activity and it did not contain a jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession affected interstate commerce.  Lopez, 115 S.Ct. at 1631.  Lopez does not

3

address § 922(g).  It does not determine whether § 922(g) is an essential part of a larger regulation of economic activity nor does it address whether the § 922(g) requirement that the firearm have traveled in commerce ensures on a case-by-case basis that the possession of a firearm by a felon affected interstate commerce.

In contrast, the precursor to § 922(g) was upheld as a valid exercise of Congress's commerce clause power long before Lopez. Scarborough v. United States, 431 U.S. 563 (1977); United States v. Bass, 404 U.S. 336 (1971); United States v. Wallace, 889 F.2d 580 (5th Cir. 1989), *cert. denied*, 497 U.S. 1006 (1990).  Additionally, § 922(g) has survived Commerce Clause challenges after Lopez in the Seventh and Ninth Circuits.  United States v. Bell, 70 F.3d 495 (7th Cir. 1995); United States v. Collins, 61 F.3d 1379 (9th Cir. 1995); United States v. Hanna, 55 F.3d 1456 (9th Cir. 1995).

The pre- and post-Lopez jurisprudence is fatal to Spires's claim of plain error.  Even should Spires's contention that Lopez renders 922(g) unconstitutional be correct, it is not plainly so.

Spires next argues that his conviction should be reversed because the district court refused to instruct the jury on the defense of entrapment by estoppel.[2]  A conviction can not be overturned for failure to instruct the jury on a defense unless the

---

[2]Defendant alludes to but prudently does not raise a similar defense of acting under public authority.  The public authority defense is available when the defendant is engaged by a government official to participate or assist in covert activity.  United States v. Achter, 52 F.3d 753 (8th Cir. 1995).  One of the conditions imposed by the task force on cooperating individuals is that the individual not carry a firearm.  The task force agent's instruction to Spires and his wife was consistent with the task force requirements.

requested but omitted instruction has an evidentiary basis in the record which would lead to acquittal. <u>United States v. Duvall</u>, 846 F.2d 966 (5th Cir. 1988). The evidence at Spires's trial precludes application of the defense.

The defense of entrapment by estoppel is applicable when a government official or agent actively assures a defendant that certain conduct is legal and the defendant reasonably relies on that advice and continues or initiates the conduct. <u>Cox v. Louisiana</u>, 379 U.S. 559 (1965)(convictions for demonstrating near courthouse reversed where highest police officials of city, in presence of sheriff and mayor, gave demonstrators permission to picket across the street from courthouse); <u>Raley v. Ohio</u>, 360 U.S. 423 (1959)(convictions for failure to testify reversed because inquiring body told defendants they could invoke Fifth Amendment).[3] The defense is a narrow exception to the general rule that ignorance of the law is no excuse and is based on fundamental fairness concerns of the Due Process Clause. The focus of the inquiry is on the conduct of the government not the intent of the accused.

Spires is not entitled to an instruction on the defense because the task force agent is not an authorized federal government agent. To satisfy the requirements of the defense when charged with a federal crime, a defendant is required to show reliance either on a federal government official empowered to

---

[3]*See also* <u>United States v. Corso</u>, 20 F.3d 521 (2d Cir. 1994); <u>United States v. Smith</u>, 940 F.2d 710 (1st Cir. 1991).

render the claimed erroneous advice, or on an authorized agent of the federal government who has been granted the authority from the federal government to render such advice. United States v. Brebner, 951 F.2d 1017 (9th Cir. 1991); United States v. Bruscantini, 761 F.2d 640 (11th Cir. 1985).[4] This record reveals that the task force agent does not consider herself a federal officer or agent and has never held a federal commission. The agent's commission was held through the Jones County Sheriff's office. The task force is a federally funded but state operated investigative unit ultimately run by the Texas Governor's office. The task force and its agents are state actors. Federal funding alone does not make agents of the task force federal government officials or agents.

Spires's last complaint is that the district court erroneously denied Spires a two-level reduction of his sentencing level for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines. Whether a defendant has accepted responsibility for a crime is a factual question and the standard of review is even more deferential than clear error. United States v. Allibhai, 939 F.2d 244 (5th Cir. 1991). Because the trial court's assessment of a defendant's contrition will depend heavily on credibility assessments, the "clearly erroneous" standard will nearly always sustain the judgment of the district court. United

_____

[4]*Accord*, United States v. Caron, 64 F.3d 713 (1st Cir. 1995); United States v. Ethridge, 932 F.2d 318 (4th Cir. 1991), *partial reh'g granted on other grounds*, No. 94-2026, __ F.3d __, 1996 WL 71722 (1st Cir. Feb. 26, 1996).

6

States v. Thomas, 870 F.2d 174, 176 (5th Cir. 1989).

Spires argues that because he did not dispute his factual guilt and admitted all elements of the offense, he is entitled to the reduction. He relies on Application Note 2 of § 3E1.1 which states in part:

> In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct).

Sentencing Guidelines § 3E1.1, Application Note 2 (1994). This case is not one of those "rare situations." *Compare* United States v. Fells, No. 95-10296, ___ F.3d ___ (5th Cir. March 7, 1996)(defendant challenged legality of conviction in improper venue). At trial, Spires put forth two defenses, entrapment by estoppel and duress, both of which required proof of additional facts. The record reveals that these additional facts were disputed at trial and Spires's version of the facts was rejected by the jury.

We are persuaded by the Ninth Circuit's treatment of a similar argument in United States v. Molina, 934 F.2d 1440 (9th Cir. 1991). In Molina, the defendant admitted the factual elements of the offense but presented the defense of entrapment. The court recognized that by its very nature, the defense of entrapment requires an admission of the actual criminal activity. The court nevertheless found no error in refusing the reduction where, on defense of entrapment, the defendant provided "a story very

7

different from the one the government offered."  <u>Molina</u>, 934 F.2d at 1450-51.

We AFFIRM Spires's conviction and sentence.