IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 97-50347
Summary Calendar

UNITED STATES of AMERICA,

Plaintiff-Appellee,

versus

KENNETH R. HARDEMAN,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(A-96-CR-192-ALL)

December 24, 1997

Before JOHNSON, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Kenneth R. Hardeman was convicted of being a felon in possession of a firearm. He appeals his conviction and corresponding sentence on four grounds. He argues that the district court erred (1) by denying his motion for acquittal, (2) by refusing to include two different requested jury instructions in the charge, (3) in enhancing his sentence for prior convictions, and (4) in its determination of his acceptance of responsibility.

The district court did not commit reversible error in denying Hardeman's motion for acquittal. Generally, the standard of review

---

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

on a motion to acquit is whether, viewing the evidence and the inferences therefrom in the light most favorable to the government, a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. United States v. Leal, 74 F.3d 600, 606 (5th Cir. 1996). In his motion for acquittal, Hardeman argued that 18 U.S.C. §922(g)(1) is unconstitutional as applied to him under the facts of this case. Specifically, he argues that the Government failed to produce sufficient evidence that the conduct for which he was arrested included interstate activities. However, under the law of this Circuit, the "in or affecting commerce" element of 18 U.S.C. is satisfied if the firearm possessed by a convicted felon has previously traveled through interstate commerce.[1] United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996); see also United States v. Gresham, 118 F.3d 258, 264-65 (5th Cir. 1997) and United States v. Kuban, 94 F.3d 971, 973 (5th Cir. 1996), cert. denied, 117 S.Ct. 716 (1997). After a careful review of the record, this Court holds that a reasonable trier of fact could find that the evidence establishes a nexus between the firearm involved in the offense and interstate commerce sufficient to satisfy the "in or affecting commerce" element of 18 U.S.C. See Leal, 74 F.3d at 606.

Hardeman next argues that the district court erred in denying

---

[1]The Rawls court found that the requirement of demonstrating an interstate nexus was satisfied by proof that the defendant's firearm was manufactured in another state. Rawls, 85 F.3d at 243. There, the court held that such evidence was "sufficient to establish a past connection between the firearm and interstate commerce," and concluded that §922(g)(1) was not unconstitutional as applied to the defendant. Id.

his requested jury instructions on "affecting interstate commerce" and "constructive possession." Generally, a district court's refusal to include a requested instruction amounts to reversible error only if the requested instruction is substantially correct, the actual charge given to the jury failed to substantially cover the proposed instruction, and the omission of the proposed instruction would seriously impair the defendant's ability to present a defense. United States v. Pankhurst, 118 F.3d 345, 350 (5th Cir. 1997). In the charge it gave the jury, the district court gave instructions consistent with the present state of the law in this Circuit as explained in United States v. Rawls. See United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996). Hardeman requested an instruction on "affecting interstate commerce" at odds with the holding in Rawls.[2] Therefore, because the instruction Hardeman requested was not substantially correct, the district court did not commit reversible error by refusing to include it in the charge. Hardeman also requested an instruction on "constructive possession." After carefully reviewing the arguments, authorities, and the record, this Court finds that

_____

[2]Hardeman requested an instruction that would only allow a finding of an interstate nexus if "any action of Hardeman... interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money or other property in commerce." Hardeman's requested instruction limits the scope of evidence that may satisfy the 18 U.S.C. interstate nexus requirement to the defendant's affirmative acts. However, the Rawls court held that a sufficient interstate nexus may be established if the government proves that "the firearm possessed by a convicted felon ha[s] previously traveled in interstate commerce." Rawls, 85 F.3d at 242. Because Hardeman's requested instruction would not encompass such a finding, it is inconsistent with the law of this circuit.

3

Hardeman's requested instruction was covered in the charge given to the jury. Accordingly, the district court did not commit reversible error in refusing to include the requested instruction.

Hardeman next argues that the district court erred in enhancing his sentence for his past convictions under 18 U.S.C. §924(e). Whether past convictions have been proven for enhancement purposes is a question of law, reviewed *de novo*. United States v. Martinez-Cortez, 988 F.2d 1408, 1410 (5th Cir.), cert. denied, 510 U.S. 1013 (1993). In United States v. Silva, this Court held that three convictions under Texas Penal Code §30.02 are sufficient predicate convictions for sentence enhancement under 18 U.S.C. §924(e). See United States v. Silva, 957 F.2d 157, 161-62 (5th Cir.), cert. denied, 506 U.S. 887 (1992). Therefore, the district court did not err in enhancing Hardeman's sentence pursuant to 18 U.S.C. §924(e) for his four convictions under Texas Penal Code §30.02.

Finally, the district court did not err in denying Hardeman a two level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(a). Whether a defendant has accepted responsibility for a crime is a fact question that turns on the determination of credibility made by the fact finder at the district court. United States v. Spires, 79 F.3d 464, 467 (5th Cir. 1996). The standard of review for this finding of fact is "even more deferential than clear error." Id. Hardeman argues that he went to trial in order to contest the constitutionality of statutes and challenge the application of the statute to uncontested facts. However, after a

4

careful review of the record, this Court holds that the district court's denial of the two level downward departure for acceptance of responsibility was not clearly erroneous.

Therefore, for the foregoing reasons, the judgment of the district court is AFFIRMED.