IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10175
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY DEAN POSEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:97-CR-61-ALL-1
--------------------
October 1, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Gary Dean Posey appeals his sentences for failure to appear and for felon in possession of a firearm. He asserts that the district court erred in failing to apply the methodology set forth in the November 1, 1998, version of U.S.S.G. § 2J1.6, comment. (n.3).

Posey did not raise this specific objection in the district court. Accordingly, we review only for plain error. See United States v. Spires, 79 F.3d 464, 465 (5th Cir. 1996). To obtain relief under the plain-error standard, Posey must show an error

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by the district court which is clear or obvious and which affects his substantial rights.  See United States v. Calverley, 37 F.3d 160, 162-63 (5th Cir. 1994) (en banc).

Posey has demonstrated that the district court plainly erred in omitting to apply the methodology set forth in the amended version of § 2J1.6, comment. (n.3).  The presentence report states that the November 1, 1997, version of the Sentencing Guidelines was used to calculate Posey's sentence.  Because he was sentenced on February 8, 1999, the November 1, 1998, version of § 2J1.6, comment. (n.3) applies to Posey's case.  See 18 U.S.C. § 3553(a)(4)(A).  The approach set forth in that application note requires that Posey's failure-to-appear conviction be treated as an obstruction-of-justice enhancement to the underlying felon-in-possession sentence and that the two convictions then be grouped together pursuant to § 3D1.2(c). This yields a guideline imprisonment range of 46 to 57 months.

Pursuant to 18 U.S.C. § 3146(b)(2), the term of imprisonment for the failure-to-appear conviction must be consecutive to any term of imprisonment imposed for the underlying felon-in-possession conviction.  Therefore, if, on remand, the district court elects to impose a term of imprisonment on the failure-to-appear conviction, Posey must receive two distinct sentences, and these sentences must be consecutive.  Under § 2J1.6, comment. (n.3), however, the sum of these two sentences must not exceed the applicable guideline range of 46 to 57 months' imprisonment.

Posey's sentence is hereby VACATED, and the matter REMANDED to the district court for resentencing in accordance with

§ 2J1.6, comment. (n.3).  His request to withdraw the other issues briefed on appeal is GRANTED.

VACATED AND REMANDED.