IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10191
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY LEE CARTER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CR-294-ALL-T
--------------------

November 1, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:*

Bobby Lee Carter (Carter) appeals his conditional guilty plea conviction for possession of firearms by a convicted felon. Carter challenges the district court's denial of his motion to suppress as well as the district court's calculation of his base offense level under U.S.S.G. § 2K2.1(a).

Carter, in his pre-trial motion to suppress, argued that Deputy United States Marshals and ATF agents gained consent to search Carter's house under the pretext that they were looking for Carter's fugitive stepson, when, in fact, they were looking

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for firearms that could be evidence of a crime. This court reviews a ruling on a motion to suppress based upon live testimony under the clearly erroneous standard for findings of fact and de novo for questions of law. United States v. Muniz-Melchor, 894 F.2d 1430, 1433-34 (5th Cir.), cert. denied, 495 U.S. 923 (1990). We have reviewed the record and the briefs of the parties and conclude that the district court did not clearly err in finding that the officers' primary purpose in searching Carter's house was to look for Carter's stepson. We further conclude that the seizure of the firearms was lawful. Even when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual. Florida v. Bostick, 501 U.S. 429, 435 (1991). Such encounters are consensual as long as a reasonable person would feel free to disregard the officers and go about his business. Id. at 437. Nothing in the record indicates that Carter felt compelled to answer the ATF agent's questions, or that he would have been prevented from walking away and going about his business.

Carter additionally argues, for the first time on appeal, that the deputy marshals and ATF agents did not have authority to execute the Dallas County arrest warrant for Carter's stepson. At the time of entry into Carter's house, Texas state law gave these federal officers the power to search, seize and arrest. Tex. Code Crim. P. Ann. art. 2.122. Carter's argument cannot therefore satisfy the plain error standard. United States v. Spires, 79 F.3d 464, 465 (5th Cir. 1996).

Finally, Carter argues that the district court incorrectly used a base offense level of 20 on the erroneous assumption that the Norinco SKS he possessed was a firearm described in 18 U.S.C. § 921(a)(30).  Because Carter raises this argument for the first time on appeal, this court will review for plain error only. Spires, 79 F.3d at 465.  A sentencing court is required only to rule on any unresolved objections to the PSR, and "[f]acts contained in a PSR are considered reliable and may be adopted without further inquiry if the defendant fails to present competent rebuttal evidence."  Fed. R. of Crim. P. 32(c)(1); United States v. Parker, 133 F.3d 322, 329 (5th Cir. 1998). Moreover, when the nature of the claimed error is a question of fact, the possibility that such a finding could rise to the level of obvious error required to meet part of the standard for plain error is remote.  Robertson v. Plano City of Texas, 70 F.3d 21, 23 (5th Cir. 1995).  There is no basis from which to conclude that the court's finding was erroneous and no plain error.

AFFIRMED.