IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31133
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CLIFTON DEWAYNE MOORE

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CR-10029-1
--------------------
June 23, 2000

Before KING, Chief Judge, and POLITZ and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[*]

Clifton Dewayne Moore appeals from his sentence following a
guilty plea to one count of possession of cocaine base with
intent to distribute in violation of 21 U.S.C. §§841(a)(1) and
841(b)(1)(A).[**]  Moore challenges the district court's failure to
apply both a three point reduction in sentence for acceptance of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[**] In addition to his sentence, Moore's notice of appeal
states that he appeals from the district court's May 25, 1999
denial of a motion to suppress.  Moore has not briefed the motion
to suppress issue, however, and it is therefore deemed abandoned.
See Fed. R. App. P. 28(a)(9)(A); Yohey v. Collins, 985 F.2d 222,
224-25 (5th Cir. 1993).

responsibility and a two point reduction under the safety valve provision of the sentencing guidelines.  We affirm the district court's sentence.  A review of the record and the testimony at the sentencing hearing shows that the district court did not err in concluding that Moore was not entitled to a reduction for acceptance of responsibility or under the safety valve provision.  See United States v. Spires, 79 F.3d 464, 467 (5th Cir. 1996); United States v. Edwards, 65 F.3d 430, 432 (5th Cir. 1995).

AFFIRMED.