IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11081
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BILLY WAYNE HAMPTON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-130-2-D
--------------------
April 11, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Billy Wayne Hampton appeals his sentence for his conspiracy to make false claims and aiding and abetting mail fraud convictions. Hampton argues that the district court clearly erred in assessing a two-level increase to his offense level for obstruction of justice and by including $10,060 in its loss calculation. Hampton also contends that he is entitled to a downward adjustment for acceptance of responsibility.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We have reviewed the record and pleadings submitted by the parties and hold that the district court did not clearly err by assessing an obstruction of justice adjustment to Hampton's offense level or by including $10,060 in its loss determination. See United States v. Storm, 36 F.3d 1289, 1295 (5th Cir. 1994); United States v. Brown, 7 F.3d 1155, 1159 (5th Cir. 1993). Furthermore, we hold that Hampton's case does not present the extraordinary circumstances that would warrant a downward adjustment for acceptance of responsibility. United States v. Spires, 79 F.3d 464, 467 (5th Cir. 1996); U.S.S.G. § 3E1.1, comment. (n.4).

AFFIRMED.