IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20655
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRYLON MCDANIEL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-870-1
--------------------
February 20, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Terrylon McDaniel (McDaniel) appeals her sentence after pleading guilty to six counts of bank theft in violation of 18 U.S.C. § 2113(b)(2).  She contends that the district court violated due process at sentencing by denying her a downward adjustment for acceptance of responsibility.  According to McDaniel, the district court, in determining that she was not entitled to the adjustment, relied on the same evidence pertaining to a theft at a gas station that the court had earlier found to be "equivocal" at McDaniel's bond revocation hearing.

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews the district court's ruling on adjustments for acceptance of responsibility with even more deference than clear error. United States v. Spires, 79 F.3d 464, 467 (5th Cir. 1996). The defendant bears the burden of proving that she is entitled to a downward adjustment for acceptance of responsibility. United States v. Thomas, 120 F.3d 564, 574 (5th Cir. 1997). One of the factors a sentencing court may consider in determining whether a defendant qualifies for an acceptance-of-responsibility reduction is the "voluntary termination or withdrawal from criminal conduct or associations[.]" U.S.S.G. § 3E1.1, comment. (n.1(b)).

Although there may have been some question raised at the bond revocation hearing regarding whether it was McDaniel who actually entered the store and took the cash from the register, the district court did find that McDaniel was associated with the theft. Thus, the district court's implicit finding, based upon the findings of the presentence report, that McDaniel had not voluntarily terminated or withdrawn from criminal conduct or associations was not contrary to its ruling at the bond revocation hearing. As McDaniel has failed to show that her sentence violated due process, the district court's judgment is AFFIRMED.