United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10346
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM HENDERSON, also known as Keg,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-00174-11

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

William Henderson appeals his sentence following his guilty-plea conviction of conspiracy to distribute more than 5 kilograms of cocaine and 50 grams or more of a mixture containing cocaine base. He argues that the district court erred in refusing to adjust his offense level downward by three levels for acceptance of responsibility under U.S.S.G. § 3E1.1 because he refused to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discuss with the probation officer his offense conduct or criminal history and because he timely pleaded guilty.

Whether a defendant has sufficiently demonstrated acceptance of responsibility is a factual question, and the standard of review is even more deferential than "clear error." United States v. Spires, 79 F.3d 464, 467 (5th Cir. 1996). This court will affirm a sentencing court's decision not to award a reduction under U.S.S.G. § 3E1.1 unless it is "without foundation." United States v. Hooten, 933 F.2d 293, 297-98 (5th Cir. 1991).

We have recognized the refusal to debrief a probation officer as a factor in deciding whether to apply the adjustment for acceptance of responsibility. See United States v. Solis, 299 F.3d 420, 458 (5th Cir. 2002); United States v. Chapa-Garza, 62 F.3d 118, 123 (5th Cir. 1995); United States v. Medina-Anicacio, 325 F.3d 638, 648 (5th Cir. 2003). Having reviewed the record in this case, we hold that the district court's refusal to grant the adjustment was not without any foundation. See U.S.S.G. § 3E1.1, comment (n.3); Hooten, 933 F.2d at 297-98. Henderson also has not shown reversible error by arguing that U.S.S.G § 3E1.1 recognizes his Fifth Amendment right to remain silent with the probation officer. See United States v. Kleinebreil, 966 F.2d 945, 953 (5th Cir. 1992). The district court's judgment is **AFFIRMED**.