# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2007

Charles R. Fulbruge III
Clerk

No. 06-11374
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CLINTON WADE DUNSON

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-97-ALL

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Clinton Wade Dunson appeals his conditional guilty-plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and his resulting 120-month sentence. He argues that the search of his vehicle incident to his arrest was unjustified because officers did not reasonably believe that evidence relevant to the crime of arrest would be discovered inside. However, as Dunson concedes, the argument is foreclosed by New York v. Belton,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

453 U.S. 454, 460 (1981). He raises the issue to preserve it for possible Supreme Court review.

Dunson next argues that the district court erred in denying him credit for acceptance of responsibility under U.S.S.G. § 3E1.1. Whether a defendant has sufficiently demonstrated acceptance of responsibility is a factual question, and the standard of review is even more deferential than clear error. United States v. Spires, 79 F.3d 464, 467 (5th Cir. 1996). This court will affirm a sentencing court's decision not to award a reduction under § 3E1.1 unless it is "without foundation." United States v. Hooten, 933 F.2d 293, 297-98 (5th Cir. 1991) (internal quotation marks omitted).

The district court did not err in denying credit for acceptance of responsibility based on Dunson's failure to provide truthful answers about how he acquired the gun when confronted with evidence that the gun was stolen. See § 3E1.1, comment. (n.1(a)); Hooten, 933 F.2d at 297-98. Dunson's argument that he is being punished for exercising his Fifth Amendment right to silence is unavailing. See United States v. Kleinebreil, 966 F.2d 945, 953 (5th Cir. 1992).

Dunson additionally argues that his sentence is unreasonable as a matter of law because this court's use of a presumption of reasonableness for sentences imposed within the properly calculated guidelines range effectively reinstates the mandatory guidelines regime struck down in United States v. Booker, 543 U.S. 220 (2005). This court's rebuttable presumption does not run afoul of Booker. See Rita v. United States, 127 S. Ct. 2456, 2462 (2007).

AFFIRMED.