IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-40632
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAMON URESTI-CAREAGA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-1627-2

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Ramon Uresti-Careaga was convicted of being an alien admitted to the United States on a nonimmigrant visa in possession of ammunition. The district court sentenced him to serve 15 months in prison and a three-year term of supervised release. Uresti-Careaga now appeals his conviction.

Uresti-Careaga argues that the district court erred by denying his motion to dismiss the indictment. He contends that the indictment should have been dismissed because the statute of conviction, 18 U.S.C. § 922(g)(5)(B) is void for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

vagueness and because the charges against him arose in circumstances giving rise to entrapment by estoppel. We review Uresti-Careaga's void for vagueness argument for plain error due to his failure to present it to the district court. See United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000). Our review of § 922(g)(5)(B) shows that it is sufficiently clear as to "provide[] a person of ordinary intelligence a reasonable opportunity to know what is proscribed." See United States v. Brewer, 835 F.2d 550, 553 (5th Cir. 1987). Uresti-Careaga's void for vagueness argument is thus unavailing. See id.

Uresti-Careaga's entrapment by estoppel argument is likewise unavailing. Uresti-Careaga argues that he had a valid entrapment by estoppel defense because he was not informed that he could not possess the ammunition. A criminal defendant may raise a defense of entrapment by estoppel only "when a government official or agent actively assures a defendant that certain conduct is legal and the defendant reasonably relies on that advice and continues or initiates the conduct." United States v. Trevino-Martinez, 86 F.3d 65, 69 (5th Cir. 1996) (internal quotations and citation omitted); see also United States v. Spires, 79 F.3d 464, 466 (5th Cir. 1996) ("The focus of the [entrapment by estoppel] inquiry is on the conduct of the government not the intent of the accused.").

We have not decided whether a federally licensed firearms dealer is a federal official for purposes of the entrapment by estoppel defense. We need not decide this issue to dispose of this claim. Even if we assume arguendo that such a dealer may be considered a federal official for purposes of the entrapment by estoppel defense, then Uresti-Careaga is still not entitled to relief. The evidence adduced at both the motions hearing and trial does not show that either the firearms dealer or another government official affirmatively represented to Uresti-Careaga that he could legally possess ammunition. The record thus refutes Uresti-Careaga's claim of entrapment by estoppel. See Trevino-Martinez, 86 F.3d at 69.

Uresti-Careaga complains that he did not know his possession of the ammunition was unlawful; however, a § 922(g)(5)(B) violation is not a specific intent crime. See 18 U.S.C. § 924(a)(2); Dixon v. United States, 548 U.S. 1, 5 (2006). To obtain a conviction, the Government was required to prove that Uresti-Careaga knowingly possessed the ammunition, not that he knew his conduct violated the law. See Dixon, 548 U.S. at 5.

Uresti-Careaga argues that the district court erroneously denied his motion to suppress the evidence against him. He argues that statements he made to an ATF agent before the agent identified himself as a government official should have been suppressed because these statements were made before Uresti-Careaga was advised of his rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). We review the district court's factual findings made in connection with the motion for clear error, and we review its legal decisions de novo. United States v. Outlaw, 319 F.3d 701, 704 (5th Cir. 2003); United States v. Vasquez, 298 F.3d 354, 356 (5th Cir. 2002). We consider the evidence in the light most favorable to the party that prevailed below. United States v. Laury, 985 F.2d 1293, 1314 (5th Cir. 1993).

Miranda warnings are not required prior to conversations between suspects and undercover agents because the coercive atmosphere generated by a custodial interrogation is lacking. Illinois v. Perkins, 496 U.S. 292, 296-97 (1990). The disputed conversation is analogous to a conversation with an undercover agent. Consequently, no Miranda warnings were required, and Uresti-Careaga has shown no error in connection with the denial of his motion to suppress. See id.

Uresti-Careaga contends that the district court erred by denying his motion in limine, which sought to prevent the admission of certain receipts into evidence. Given the overwhelming evidence of guilt and the district court's limiting instruction, our review of the record shows that any error resulting from the admission of the receipts was harmless. See United States v. Gadison, 8 F.3d

186, 192 (5th Cir. 1993) ("[T]he district court minimized any potential undue prejudice by instructing the jury that they were not to consider the conviction in deciding whether [the defendant] committed the charged offense, but only for the purposes of establishing intent and assessing credibility."); see also Kotteakos v. United States, 328 U.S. 750, 776 (1946).  Consequently, Uresti-Careaga has not shown that he should receive relief in connection with this claim.

The judgment of the district court is AFFIRMED.