IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-10967
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

BILLY WALLACE

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-39-2

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Billy Wallace was convicted of one count of possessing 50 grams or more of cocaine base with intent to distribute and was sentenced to serve 262 months in prison. Wallace appeals his sentence and challenges the district court's decision to deny him a downward adjustment to his guidelines sentencing range based on his acceptance of responsibility for his offense.

When reviewing a sentence, we typically consider whether the district court committed a significant procedural error at sentencing and whether the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence imposed is substantively reasonable. See Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Cisneros-Guiterrez, 517 F.3d 751, 764 (5th Cir. 2008). The district court's interpretation and application of the Guidelines are reviewed de novo, and its findings of fact are reviewed for clear error. See Cisneros-Guiterrez, 517 F.3d at 764.

Wallace contends that his Due Process and Confrontation Clause rights were violated at sentencing because the district court relied on a statement from a codefendant, whom Wallace was not permitted to cross examine, when considering the propriety of the disputed adjustment. This argument is unavailing because the Confrontation Clause does not apply at sentencing. See United States v. Mitchell, 484 F.3d 762, 776 (5th Cir. 2007); see also United States v. Fields, 483 F.3d 313, 332 n.20 (5th Cir. 2007).

Wallace's argument that an examination of the record supports his request for the disputed adjustment is likewise unavailing. A review of the entire record shows that the district court's denial of the sentencing adjustment for acceptance of responsibility is "plausible in light of the record taken as a whole." See United States v. Spires, 79 F.3d 464, 467 (5th Cir. 1996); see also Cisneros-Guiterrez, 517 F.3d at 764. Consequently, the district court's decision to deny Wallace the disputed adjustment was not erroneous. See United States v. Solis, 299 F.3d 420, 458 (5th Cir. 2002).

In response to our request for supplemental briefing, Wallace also argues that his sentence should be vacated and the case remanded for resentencing based on the recent, retroactive amendments to the Sentencing Guidelines pertaining to offenses involving crack cocaine. Wallace preserved this claim by raising arguments concerning the amendments and the disparity betwixt the guidelines ranges for powder and crack cocaine during his sentencing hearing. Because Wallace preserved this claim, he "is entitled to have his sentence set by a judge aware of the discretion that Kimbrough [v. United States, 128 S. Ct. 558 (2007)], has announced." See United States v. Burns, 526 F.3d 852, 862 (5th Cir.

2008). Accordingly, Wallace's sentence is VACATED, and the case is REMANDED to the district court so that it may analyze the 18 U.S.C. § 3553(a) factors in light of Kimbrough.

We offer no opinion on a particular sentence and do not even suggest that the district court should impose a different sentence on remand. We do, however, note that the district court may, in its discretion, combine the resentencing proceeding on remand with any proceedings that the court may determine are appropriate in light of the recent amendments to the Guidelines concerning offenses involving crack cocaine. See Burns, 526 F.3d at 862.