## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 22, 2013

Lyle W. Cayce
Clerk

No. 12-10483
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AGUSTEN DIAZ, also known as Popeye,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-180-2

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Agusten Diaz appeals the 480-month sentence imposed following his guilty plea conviction of conspiracy to distribute and to possess with intent to distribute 100 grams or more of heroin. He argues that the district court improperly calculated his guidelines range by (1) denying him a two-level reduction pursuant to U.S.S.G. § 3E1.1 based on acceptance of responsibility, (2) applying a two-level adjustment pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon during the offense, and (3) applying a four-level adjustment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to U.S.S.G. § 3B1.1(a) based on a finding that he was a leader or organizer of the criminal activity. Diaz also argues that the district court erred by finding that he was a member of the Tango Blast gang.

The "district court's interpretation or application of the Sentencing Guidelines is reviewed de novo, and its factual findings are reviewed for clear error." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (internal quotation marks, ellipsis, and citation omitted). "There is no clear error if the district court's finding is plausible in light of the record as a whole." *Id.* (internal quotation marks and citation omitted).

"While the district court's findings under the sentencing guidelines are generally reviewed for clear error, a determination whether a defendant is entitled to an adjustment for acceptance of responsibility is reviewed with even greater deference." *United States v. Buchanan*, 485 F.3d 274, 287 (5th Cir. 2007). This court "will affirm a sentencing court's decision not to award a reduction" pursuant to § 3E1.1 unless the decision is "without foundation." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted). Because the trial court's determination concerning the adjustment for acceptance of responsibility depends heavily upon credibility assessments, the judgment of the district court will "nearly always" be sustained. *United States v. Spires*, 79 F.3d 464, 467 (5th Cir. 1996).

The presentence report (PSR) and PSR Addendum provided credible evidence that Diaz denied relevant conduct during his presentence interview. The district court's decision to adopt the probation officer's version of the facts surrounding Diaz's presentence interview over Diaz's version was implicitly based upon a credibility determination, which this court will not disturb. *See Spires*, 79 F.3d at 467. In light of the information contained in the PSR and PSR Addendum, the district court's finding that Diaz falsely denied and frivolously contested his relevant conduct is not without foundation. *See Juarez-Duarte*, 513 F.3d at 211.

Section 2D1.1(b)(1) provides that the base offense level of a defendant convicted of certain drug-related offenses should be increased by two levels "[i]f a dangerous weapon (including a firearm) was possessed." "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1, comment. (n.3); *see United States v. Mitchell*, 31 F.3d 271, 277 (5th Cir. 1994). The Government may establish a connection between the weapon and the offense "by showing that the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred." *United States v. Flucas,* 99 F.3d 177, 179 (5th Cir. 1996). However, "[i]t is not necessary for possession of the weapon to play an integral role in the offense." *United States v. Villarreal*, 920 F.2d 1218, 1221 (5th Cir. 1991). It is sufficient to show "that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." *United States v. Hooten*, 942 F.2d 878, 882 (5th Cir. 1991). "This court has determined that access to, and not ownership of, the dangerous weapon must be established; even if the defendant did not intend to use the weapon, it suffices that the weapon could have been used." *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995); *see Mitchell*, 31 F.3d at 278.

"The district court's determination that § 2D1.1(b)(1) applies is a factual finding reviewed for clear error." *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *Id.*

The PSR and PSR Addendum established that the firearm was found in a limousine owned and used by Diaz along with drug proceeds, drug ledgers, and cell phones containing text messages indicative of drug trafficking. The facts set forth in the PSR were sufficient to show that it was not clearly improbable that the weapon was connected with the offense. *See* § 2D1.1, comment. (n.3). Accordingly, Diaz has failed to show that the district court clearly erred by applying the adjustment. *See Ruiz*, 621 F.3d at 396.

Under § 3B1.1(a), a defendant's offense level should be increased by four levels "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." "The defendant need not have supervised each and every coconspirator:  Proof that the defendant supervised only one other culpable participant is sufficient to make the defendant eligible for the enhancement." *United States v. Curtis*, 635 F.3d 704, 720 (5th Cir. 2011) (internal quotation marks and footnote omitted).

Whether a defendant is an organizer or leader under § 3B1.1(a) is a factual determination that this court reviews for clear error. *United States v. Cabrera*, 288 F.3d 163, 173 (5th Cir. 2002).  This court will uphold a district court's factual finding on clear error review so long as the finding is plausible in light of the record as a whole. *United States v. Gonzales*, 436 F.3d 560, 584 (5th Cir. 2006).

Diaz does not dispute that the criminal activity involved more than five participants or was otherwise extensive, and the facts establish that the conspiracy involved more than five people.  Diaz also does not dispute that he managed and directed at least two individuals involved in the conspiracy.  Based on these facts, Diaz was eligible for the four-level adjustment. *See Curtis*, 635 F.3d at 720.  Accordingly, the district court did not clearly err by finding that Diaz was a leader or organizer of the conspiracy. *See Cabrera*, 288 F.3d at 173.

The district court's finding that Diaz is a member of the Tango Blast gang is reviewed for clear error. *See Cisneros-Gutierrez*, 517 F.3d at 764.  "Generally, a PSR bears sufficient indicia of reliability to permit the sentencing court to rely on it at sentencing.  The defendant bears the burden of demonstrating that the PSR is inaccurate; in the absence of rebuttal evidence, the sentencing court may properly rely on the PSR and adopt it." *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009) (internal quotation marks and citation omitted); *United States v. Valles*, 484 F.3d 745, 759 (5th Cir. 2007).  "Such rebuttal evidence must demonstrate that the PSR information is materially untrue, inaccurate or unreliable." *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998) (internal

quotation marks and citation omitted).  "Mere objections do not suffice as competent rebuttal evidence." *Id.*

The PSR and PSR Addendum identified Diaz as a member of the Tango Blast gang based on information obtained from a codefendant.  The codefendant's information was deemed to be reliable.  Although Diaz objected to the information, he did not produce any evidence to establish that this information was unreliable or false.  *See Parker*, 133 F.3d at 329.  Therefore, the district court properly relied upon the information contained in the PSR and adopted it.  *See Ollison*, 555 F.3d at 164.  In light of the information contained in the PSR, the district court did not clearly err by finding that Diaz was a member of the Tango Blast gang.  *See Cisneros-Gutierrez*, 517 F.3d at 764.  Accordingly, the judgment is AFFIRMED.