# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 23, 2013

Lyle W. Cayce
Clerk

No. 12-10859
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM SANFORD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-63-1

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

William Sanford appeals the 120-month sentence imposed in connection with his guilty-plea conviction for aiding and abetting the making, possessing, and uttering of a forged and counterfeit security. He contends that the district court erred by denying him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Sanford argues that he pleaded and made significant admissions regarding his involvement in the counterfeiting operation. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asserts that the alleged bases for the denial of acceptance of responsibility, that he refused to admit his leadership role in the counterfeiting operation and his misstatements regarding the length of time that he was involved in the scheme, do not justify the denial.

A defendant may receive a reduction in offense level pursuant to § 3E1.1 if he "clearly demonstrates acceptance of responsibility for his offense." § 3E1.1(a). The defendant bears the burden of demonstrating that the reduction is warranted. *United States v. Watson,* 988 F.2d 544, 551 (5th Cir. 1993). "While the district court's findings under the sentencing guidelines are generally reviewed for clear error, a determination whether a defendant is entitled to an adjustment for acceptance of responsibility is reviewed with even greater deference." *United States v. Buchanan,* 485 F.3d 274, 287 (5th Cir. 2007). We will affirm the district court's decision not to grant a defendant a reduction for acceptance of responsibility unless that decision is "without foundation." *United States v. Juarez-Duarte,* 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks omitted).

Here, the presentence report (PSR) and addenda provide credible evidence that Sanford denied relevant conduct. The record supports that Sanford sought to minimize his role in the counterfeiting operation and was not truthful with regard to the duration of his involvement in the scheme. *See United States v. Cabrera*, 288 F.3d 163, 177 (5th Cir. 2002). Additionally, the record shows that Sanford did not merely contest the legal conclusion that he occupied a leadership role, but denied facts in the PSR and addenda that indicated Sanford had a more substantial role in the counterfeiting operation than he admitted. *See United States v. Patino-Cardenas*, 85 F.3d 1133, 1136 (5th Cir. 1996). Likewise, while Sanford contends that he merely misstated the dates of his involvement in the counterfeiting scheme, the record shows that he

denied consistently that he was involved in the scheme during the dates noted in the PSR.

The PSR and addenda – which set forth information that was obtained from investigative reports and interviews – were deemed reliable by the probation officer, and Sanford did not produce any evidence to refute this finding of reliability or otherwise adduce evidence to rebut the PSR's factual findings regarding his role in the scheme and the length of his involvement; Sanford did not satisfy his burden of disproving the descriptions of the nature and extent of his role. *See United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010). The district court was entitled to rely upon the PSR and addenda and to adopt their version of the facts rather than Sanford's contrary assertions. *See id.; United States v. Spires*, 79 F.3d 464, 467 (5th Cir. 1996). Sanford therefore has not demonstrated that the district court's decision not to grant him acceptance of responsibility was "without foundation." *See Juarez-Duarte,* 513 F.3d at 211.

Accordingly, the judgment of the district court is AFFIRMED.