# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 15-20542
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 23, 2016

Lyle W. Cayce
Clerk

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AVERY LAMARR AYERS,

Defendant-Appellant

———————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-212-1

———————————

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Avery Lamarr Ayers appeals the 60-month sentence imposed in connection with his guilty-plea conviction for conspiracy to commit wire fraud. He contends that the district court erred by denying him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Ayers argues that he is entitled to the reduction because he timely pleaded guilty and admitted all of the essential elements of the conspiracy offense. He asserts that his opposition

———————————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the leadership role adjustment does not warrant the denial of a reduction for acceptance of responsibility.

A defendant may receive a reduction in offense level pursuant to § 3E1.1 if he "clearly demonstrates acceptance of responsibility for his offense." § 3E1.1(a).   It is the defendant's burden to show that the reduction is warranted.  *United States v. Watson*, 988 F.2d 544, 551 (5th Cir. 1993).  "While the district court's findings under the sentencing guidelines are generally reviewed for clear error, a determination whether a defendant is entitled to an adjustment for acceptance of responsibility is reviewed with even greater deference."  *United States v. Buchanan*, 485 F.3d 274, 287 (5th Cir. 2007).  We will affirm the district court's decision not to grant a defendant a reduction for acceptance of responsibility unless that decision is "without foundation." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted).

Here the presentence report (PSR) provided credible evidence that Ayers denied relevant conduct.  The record supports that Ayers sought to minimize his role and the duration of his involvement in the fraudulent scheme.  *See United States v. Angeles-Mendoza*, 407 F.3d 742, 753 (5th Cir. 2005); *United States v. Cabrera*, 288 F.3d 163, 177 (5th Cir. 2002).  Ayers's assertions and objections to the PSR were not competent rebuttal evidence.  *See United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010).  Accordingly, the district court was entitled to rely upon the PSR and adopt its version of the facts rather than Ayers's contrary assertions.  *See United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010); *United States v. Spires*, 79 F.3d 464, 467 (5th Cir. 1996).  Ayers has therefore not demonstrated that the district court's decision not to grant him acceptance of responsibility was "without foundation."  *See Juarez-Duarte*, 513 F.3d at 211.  Accordingly, the judgment of the district court is AFFIRMED.