# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-60010
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CADRIUS BAKER,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CR-97-1

———————————————————

Before BARKSDALE, ENGELHARDT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Following a bench trial, Cadrius Baker was convicted of: making a false statement while acquiring, or attempting to acquire, a firearm; making a false statement concerning information in an official record; and possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(a)(6),

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-60010

(n), and 924(a)(1)(A). He contends the district court erred by denying his request for a Guideline § 3E1.1 adjustment for acceptance of responsibility.

Because the sentencing court is in a unique position to evaluate defendant's acceptance of responsibility, great deference is afforded the court's finding: our court will "affirm the denial of a reduction for acceptance of responsibility unless it is without foundation, a standard of review more deferential than the clearly erroneous standard". *United States v. Lord*, 915 F.3d 1009, 1017 (5th Cir. 2019) (citation omitted); *see* Guideline § 3E1.1 cmt. n.5.

Baker does not meet this standard. The court's rejection of the requested adjustment was based on an implicit adverse credibility finding we will not disturb. *See United States v. Spires*, 79 F.3d 464, 467 (5th Cir. 1996) (explaining decisions concerning acceptance of responsibility will almost always be upheld because they are heavily dependent on credibility determinations).

AFFIRMED.